IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

METROPOLITAN TITLE
AGENCY, INC. D/B/A M+M TITLE
CO., et al.,

    Plaintiffs,

v.

FEDERAL EXPRESS
CORPORATION,

    Defendant.

:
:
:
:
:
:
:

Case No. 3:22-cv-00094

JUDGE WALTER H. RICE

---

DECISION AND ENTRY SUSTAINING IN PART AND OVERRULING IN PART DEFENDANT FEDERAL EXPRESS CORPORATION'S MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT (DOC. #5); DEFENDANT'S MOTION TO DISMISS THE FIRST CAUSE OF ACTION FOR BREACH OF CONTRACT AND THE THIRD CAUSE OF ACTION FOR CONVERSION ARE OVERRULED; DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' SECOND CAUSE OF ACTION FOR FAILURE TO PLEAD UNJUST ENRICHMENT IS SUSTAINED; DISMISSAL OF THE SECOND CAUSE OF ACTION IN THE AMENDED COMPLAINT FOR FAILURE TO PLEAD UNJUST ENRICHMENT IS WITHOUT PREJUDICE TO PLAINTIFFS FILING WITHIN 14 DAYS OF THIS DECISION AND ENTRY A SECOND AMENDED COMPLAINT SUBJECT TO THE STRICTURES OF FED. R. CIV. P. 11

---

Defendant, Federal Express Corporation ("FedEx" or "Defendant"), has filed a Motion to Dismiss Amended Complaint ("Motion to Dismiss" or "Motion") pursuant to Fed. R. Civ. P. 12(b)(6). Doc. #5. Plaintiffs, Metropolitan Title Agency,

Inc., and Mid America Land Title Agency, Inc. (collectively "M+M Title" or "Plaintiffs"), have filed a response, Doc. #7, and FedEx has filed a reply. Doc. #8. The Motion is ripe for decision.

I. **Background Facts**

Plaintiffs allege they entered into an agreement with Fed Ex over 20 years ago for commercial shipping services. Doc. #4, PageID##27 and 29. Although "several variables" affected the prices FedEx charged them, "including the distance/location for a particular delivery, the weight of the shipped contents[,] and speed of the delivery," the parties had "specifically agreed" that "discount billing rates" would apply to M+M Title's account. *Id.*, PageID#27. The Amended Complaint alleges the discount rates "were constant throughout the parties' course of dealing for over twenty (20) years." *Id.*, PageID##28-29.

In July of 2021, Plaintiffs allege they reconciled FedEx's discount rate to the invoice amounts that M&M Title had paid to Defendant and discovered FedEx had "overbilled" them for the time period of October 23, 2019, to July of 2021. *Id.* at 28. The Amended Complaint also alleges M+M Title made FedEx aware of the overbilling and Defendant "acknowledged and conceded, in writing," that Plaintiffs were overbilled at incorrect billing rates from the billing cycle beginning on October 23, 2019[,] until July of 2021." *Id.* M&M Title further alleges that on September 13, 2021, they received a check from FedEx for $52,261.59 and an

account credit of $13,402.54 "as reimbursement for numerous improperly billed invoices that occurred in the calendar year 2021." *Id.*

On September 24, 2021, FedEx sent Plaintiffs an "itemized spreadsheet reflecting the billing errors and re-calculated [the]rates that were refunded by FedEx" based on the September 13, 2021, check it sent to M+M Title. *Id.* The Amended Complaint alleges that although the FedEx spreadsheet corrected billing errors that occurred from January of 2021, to July of 2021, Defendant failed to correct billing errors totaling approximately $84,524.94 that occurred from October 23, 2019, to December 31, 2020. *Id.*, PageID#29.

Plaintiffs assert three causes of action: breach of contract, unjust enrichment and conversion. Doc. #4. FedEx has filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6). The Court will analyze FedEx's arguments for the dismissal of these claims below.

## II. Standard of Review

Federal Rule of Civil Procedure 8(a) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The complaint must provide the defendant with "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

Federal Rule of Civil Procedure 12(b)(6) allows a party to move for dismissal of a complaint on the basis that it "fail[s] to state a claim upon which relief can be

3

granted." The moving party bears the burden of showing that the opposing party has failed to adequately state a claim for relief. *DirecTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007) (citing *Carver v. Bunch*, 946 F.2d 451, 454-55 (6th Cir. 1991)). The purpose of a motion to dismiss under Rule 12(b)(6) is to allow a defendant to test whether, as a matter of law, the Plaintiff is entitled to legal relief even if everything alleged in the complaint is true. *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993). In ruling on a 12(b)(6) motion, a court must "construe the complaint in the light most favorable to the Plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the Plaintiff." *Handy-Clay v. City of Memphis,* 695 F.3d 531, 538 (6th Cir. 2012) (quoting *Treesh*, 487 F.3d at 476).

Nevertheless, to survive a motion to dismiss under Rule 12(b)(6), the complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Unless the facts alleged show that the Plaintiff's claim crosses "the line from conceivable to plausible, [the] complaint must be dismissed." *Id.* Although this standard does not require "detailed factual allegations," it does require more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Id.* at 555. "Rule 8 . . . does not unlock the doors of discovery for a Plaintiff armed with nothing more than conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). Legal conclusions must be supported by factual allegations that give rise to an inference that the defendant is, in fact, liable for the misconduct alleged. *Id.* at 679.

In ruling on a motion to dismiss, the Court may consider "the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008).

### III. Legal Analysis

#### A. First Cause of Action: Breach of Contract

FedEx moves to dismiss the First Cause of Action for breach of contract and argues the Amended Complaint fails to allege that M+M Title provided any consideration to FedEx in exchange for the discounted rates. They argue that dismissal is required because Defendant's alleged contractual obligations were merely an "illusory promise." Doc. #5, PageID#35.

In Ohio, a breach of contract claim requires a plaintiff to prove "the existence of a contract, performance by the plaintiff, breach by the defendant[,] and damage or loss to the plaintiff." *Nilavar v. Osborn*, 711 N.E.2d 726, 732 (Ohio Ct. App. 1998) (quoting *Doner v. Snapp*, 649 N.E.2d 42, 44 (Ohio Ct. App. 1994)). A plaintiff also must show mutual assent, as shown by an offer and acceptance, consideration, a "'meeting of the minds' and that the contract was definite as to it essential terms." *Id.* (citations omitted).

Consideration in a contract is defined as a bargained for legal benefit or detriment, *Fry v. FCA US LLC*, 143 N.E.3d 1108, 1114 (Ohio Ct. App. 2017), and

5

"may consist of either a detriment to the promisee or a benefit to the promisor." *Williams v. Ormsby*, 966 N.E.2d 255, 259 (Ohio 2012). The Ohio Supreme Court has stated that while courts may not inquire into the adequacy of consideration, which is left to the parties as "the sole judges of the benefits or advantages to be derived from their contracts," *Williams,* 966 N.E.2d at 259, whether consideration exists at all is a proper question for the courts. *Id.* When there is an absence of consideration, an illusory promise exists since "the promisor retains an unlimited right to determine the nature or extent of his performance; the unlimited right, in effect, destroys his promise and thus makes it merely illusory. *Century 21 Am. Landmark, Inc. v. McIntyre,* 427 N.E.2d 534, 536–37 (Ohio Ct. App. 1980) (quoting 1 Williston on Contracts (3 Ed. 1957) 140, Section 43).

Here, the Amended Complaint asserts that M+M Title and FedEx entered into an agreement for logistical services 20 years ago. One of the terms allegedly agreed upon by the parties required Defendant to give Plaintiffs a discounted billing rate. M+M Title asserts it used FedEx for its shipping services, was never in default of the agreement and received the discount from FedEx up to October 23, 2019. Plaintiffs further allege that FedEx materially breached the agreement because it failed to apply the discounted billing rate for the time period of October 23, 2019, through December 31, 2020, and that as a result they have been damaged in the approximate amount of $84,524.94.

The Complaint does not allege an "unlimited right to determine the nature or extent" of performance, *id.*, since M+M alleged that in exchange for the agreed

6

upon discounted billing rate it received from Defendant, it was required to use and pay FedEx for its shipping services. Plaintiff has further alleged it was never in default of the agreement. Based upon the mutual obligations alleged in the Complaint, consideration exists since there is a "bargained for benefit and/or detriment." *Kostelnik v. Helper*, 96 Ohio St.3d 1, 770 N.E.2d 58, 2002–Ohio–2985; . *Helle v. Landmark, Inc.* (1984), 15 Ohio App.3d 1, 12, 472 N.E.2d 765 ("[T]he concept of mutuality of obligation expresses the idea that both parties to the contract must be bound or neither is bound."(internal quotations omitted)).

For purposes of this Motion to Dismiss, the Court construes the Amended Complaint in the light most favorable to M+M Title and accepts its allegations as true with all reasonable inferences drawn in favor of Plaintiffs. *Tackett v. M&G Polymers*, 561 F.3d 478, 488 (6th Cir. 2009). Although the exact terms of the 20-year-old agreement between the parties is an open question, Plaintiffs have pled a cause of action for breach of contract. The parties will no doubt address in discovery the existence and terms of the alleged agreement; however, at this early stage of the case, Rule 12(b)(6) dismissal is not warranted. Defendant's Motion to Dismiss the first cause of action for breach of contract is overruled.

### B. Second Cause of Action: Unjust Enrichment

FedEx moves to dismiss the Second Cause of Action and argues the Amended Complaint fails to allege that FedEx received compensation exceeding the value of their shipping services, which FedEx maintains is necessary for an

7

unjust enrichment claim. Doc. #5, PageID#36. FedEx also argues that even if Plaintiffs have sufficiently pled unjust enrichment, the claim is nonetheless preempted by the Airline Deregulation Act, 49 U.S.C. § 41713 ("ADA"). *Id.*, PageID#35.

In response, Plaintiffs argue the Amended Complaint alleges unjust enrichment because FedEx "retained more than its services were worth, predominantly because Plaintiffs paid in excess of the rate that was explicitly applicable to Plaintiffs in the numerous years prior." Doc. #7, PageID#57. Plaintiffs also contend their unjust enrichment claim is "outside the ambit of the ADA's preemption provision." *Id.*, PageID#59.

The Court will address each of these arguments below.

**1. Unjust Enrichment under Ohio Law**

In Ohio, an unjust enrichment claim is not an express contract but one implied in law. *Hummel v. Hummel*, 133 Ohio St. 520, 525, 14 N.E.2d 923 (1938) (citation omitted). It occurs when a person "has and retains money or benefits which in justice and equity belong to another." *Johnson v. Microsoft Corp.*, 834 N.E.2d 791, 799 (Ohio 2005). Restitution is available for unjust enrichment if the following factors are established: (1) a benefit is conferred by a plaintiff on a defendant; (2) the defendant knows about the benefit; and (3) the defendant retains the benefit under circumstances where it is unjust to do so without payment. *Hambleton v. R.G. Berry Corp.* 465 N.E.2d 1298, 1302 (Ohio 1984) (citing *Hummel v. Hummel*, 14 N.E.2d 923 (Ohio 1938)).

8

Because "there cannot be an express agreement and an implied contract for the same thing existing at the same time" *Hughes v. Oberholtzer*, 162 Ohio St. 330, 335, 123 N.E.2d 393 (1954), a claim for unjust enrichment cannot be pled by re-pleading the alleged terms of the express contract. *Id.* Importantly, an unjust enrichment claim requires a plaintiff to allege that the defendant received compensation that was unjust and exceeded the value of their services. Allegations that merely assert damages were sustained are not enough. *Gerboc v. ContextLogic, Inc.*, 867 F.3d 675, 679 (6th Cir. 2017) (motion to dismiss affirmed finding that seller cannot be unjustly enriched under Ohio law unless he has conferred a benefit upon another and not merely that he has suffered a loss). Therefore, a pleading for unjust enrichment must allege that the <u>value</u> of the benefits allegedly conferred makes retention unjust and the failure to make that allegation is grounds for dismissal. *Auto Chem Labs., Inc., v. Turtle Wax, Inc.* No. 3:07-cv-156, 2008 WL 4372697 *17 (S.D. Ohio Sept. 23, 2008)(Rice, J.)(motion to dismiss sustained for failure to allege value of benefits conferred).

Plaintiffs fail to allege that FedEx's shipping services were worth less than the price that Plaintiffs paid FedEx from October 23, 2019, to December 31, 2020. The Amended Complaint alleges Defendants were "unjustly enriched . . . by Defendant's systematic overbilling of Plaintiffs." Doc. #4, PageID#30. However, the "overbilling" alleged in the Amended Complaint is in relation to the discounted rates, not the value of FedEx's shipping services and is merely a "re-pleading" of the terms of the alleged express contract. To successfully plead unjust

9

enrichment, the Amended Complaint would instead need to allege that Plaintiff was overbilled in relation to the value of the FedEx shipping services received. The Amended Complaint does not make that allegation. Accordingly, Defendant's Motion to Dismiss, Doc. #5, the Second Cause of Action for Unjust Enrichment is sustained.

### 2. Preemption of Plaintiff's unjust enrichment claim under the Airline Deregulation Act

FedEx also argues that the Airline Deregulation Act, 49 U.S.C. § 41713 ("ADA"), preempts Plaintiffs' unjust enrichment claim. This statute was adopted by Congress to promote "efficiency, innovation, and low prices" in the airline industry through "maximum reliance on competitive market forces and on actual and potential competition." 49 U.S.C. §§ 40101(a)(6), (12)(A). The ADA included a pre-emption provision to "ensure that the States would not undo federal deregulation with regulation of their own." *Morales v. Trans World Airlines, Inc.*, 504 U.S. 374, 378 (1992). This statutory provision dictates that "a State . . . may not enact or enforce a law, regulation, or *other provision having the force and effect of law* related to a price, route, or service of an air carrier that may provide air transportation under this subpart." § 41713(b)(1) (emphasis added). In short, the ADA preempts states from enforcing (1) "a law, regulation, or other provision having the force and effect of law" that is (2) "related to a price, route, or service of an air carrier."

Plaintiffs do not dispute that their unjust enrichment claim is "related to a price, route, or service of an air carrier." Doc. #7, PageID#58. However, Plaintiffs maintain that the claim does not arise from "a law, regulation, or other provision having the force and effect of law." *Id.*, PageID##58-60.

The Supreme Court has interpreted the phrase "law, regulation, or other provision having the force and effect of law" to include not just legislation enacted by a state legislature or regulations issued by a state administrative agency, but also common law causes of action. *Nw., Inc. v. Ginsberg*, 572 U.S. 273, 282–84 (2014) ("[S]tate common-law rules fall comfortably within the language of the ADA pre-emption provision."). However, whether a specific cause of action is preempted by the ADA depends on the purposes of the claim. *Id.* at 285. The claim is preempted by the ADA if it alleges a breach of state-imposed obligations, *id.* at 289 ("Because respondent's . . . claim seeks to enlarge his contractual agreement with petitioners, we hold that [the ADA] pre-empts the claim."), but the claim is not preempted if it alleges a breach of self-imposed obligations. *Am. Airlines, Inc. v. Wolens*, 513 U.S. 219, 220 (1995). Accordingly, "[T]he preemption clause leaves room for suits alleging no violation of state-imposed obligations" and that are seeking "recovery solely for the airline's breach of its own, self-imposed undertakings." *Id.*

The purpose of a specific common law claim varies by state, and a court must reference the relevant state law to determine whether ADA preemption is appropriate. *See Ginsberg*, 572 U.S. at 285-289. For example, in *Ginsberg* the

Supreme Court noted that some states use the doctrine of good faith and fair dealing to ensure that a party does not "violate community standards of decency, fairness, or reasonableness" (state-imposed obligations), *id.* at 285, whereas others employ the doctrine "to effectuate the intentions of parties or to protect their reasonable expectations" ("self-imposed undertakings"). *Id.* The Supreme Court in *Ginsburg* referenced how the doctrine was handled under Minnesota law and ultimately found that it was a state-imposed obligation and therefore subject to dismissal. *Id.* at 285-289.

Although the Sixth Circuit has not explicitly ruled on the appropriateness of ADA preemption for an unjust enrichment claim under Ohio law, it has provided some guidance in *Solo v. United Parcel Service Co,* 819 F.3d 788 (6th Cir. 2016).

In *Solo*, the Court stated that preemption of an unjust enrichment claim under Michigan law was likely inappropriate under *Ginsberg* for two reasons. First, the court noted that unjust enrichment in Michigan does not apply to all contracts as a matter of state policy, and instead serves to "effectuate the intentions of parties or to protect their reasonable expectations." *Id.* at 798 (citing *Ginsberg*, 572 U.S. at 285). Second, the court noted that *Solo's* claim was meant to hold the parties to their self-imposed agreements. *Id.* (quoting *Wolens*, 513 U.S. at 220).[1]

---

[1] The Sixth Circuit's instructions in *Solo* contrast with the prevailing approach used by many courts. The Sixth Circuit itself has noted, also in dicta, that "courts have been unanimous in the view that implied-in-law contract claims and related claims for unjust enrichment are preempted by the ADA because they are predicated on the lack of an agreement and thus involve a state-imposed obligation." *Byler v. Air Methods Corp.*, 823

12

Based on the Sixth Circuit's analysis in *Solo*, the Court finds that Plaintiffs' unjust enrichment claim under Ohio law is based on a self-imposed obligation. This is so because the Sixth Circuit's interpretation[2] of unjust enrichment under Michigan law is analogous to the Ohio Supreme Court's interpretation[3] of unjust enrichment under Ohio law. Since the Court instructed that unjust enrichment in Michigan serves to "effectuate the intentions of parties or to protect their reasonable expectations," *Id.* at 798 (citing *Ginsberg*, 572 U.S. at 285), the same conclusion is appropriate for an unjust enrichment claim under Ohio law. Additionally, like *Solo*, the Amended Complaint in this case alleges that FedEx failed to perform an obligation they previously committed to performing, and Plaintiffs are seeking to hold FedEx accountable to an alleged self-imposed obligation. Accordingly, the Court finds that Plaintiff's unjust enrichment claim is based on a self-imposed obligation and is not subject to preemption under the ADA.

---

F. App'x 356, 364 (6th Cir. 2020) (citing *Scarlett v. Air Methods Corp.*, 922 F.3d 1053, 1064 (10th Cir. 2019); *Brown v. United Airlines, Inc.*, 720 F.3d 60, 70 (1st Cir. 2013)).

[2] In *Solo*, the Sixth Circuit noted that for an unjust enrichment claim under Michigan law, "the courts of Michigan will imply a contract when a plaintiff can establish that no express contract concerning the subject matter exists and that the defendant has received a benefit from the plaintiff and retained it, resulting in an inequity." *Solo*, 819 F.3d at 796.

[3] The Ohio Supreme Court has determined that unjust enrichment in Ohio is an implied-in-law claim against a person in "receipt of benefits which he is not justly entitled to retain." *Hummel v. Hummel,* 14 N.E.2d 923 (Ohio 1938).

## C. Third Cause of Action: Conversion

FedEx also moves for dismissal of Plaintiffs' third cause of action for conversion and argues that it is barred by Ohio's economic loss rule because it is duplicative of Plaintiffs' breach of contract claim in Count One. Doc. #5, PageID##39-40. FedEx further asserts that this claim is preempted by the ADA. *Id.*, PageID#38.

### 1. Ohio's economic loss rule

Under Ohio law, the economic loss rule prevents recovery in tort for purely economic loss caused by negligence. *Chemtrol Adhesives, Inc. v. Am. Mfrs. Mut. Ins. Co.,* 537 N.E.2d 624, 630 (Ohio 1989). "[T]he well-established general rule is that a plaintiff who has suffered only economic loss due to another's negligence has not been injured in a manner which is legally cognizable or compensable." *Id.* (quoting *Nebraska Innkeepers, Inc. v. Pittsburgh–Des Moines Corp.* 345 N.W.2d 124, 126 (Iowa 1984)). Importantly, while the rule bars recovery for purely economic loss caused by negligence, the doctrine does not apply to intentional torts such as conversion. *Medpace, Inc. v. Biothera, Inc.*, No. 1:12–cv–179, 2013 WL 1386298, at *4 (S.D. Ohio Apr. 4, 2013) ("[T]he economic loss doctrine does not bar [plaintiff]'s conversion claim because the doctrine does not apply to intentional torts."). Moreover, "a conversion action cannot be maintained against a party to a contract unless the conversion claim alleges that the breach of duty owed is separate from obligations created by the contract between the parties." *Skurka Aero., Inc. v. Eaton Aero., L.L.C.,* Case No. 1:08 CV 1565. 2011 WL 1134591,

14

at *2 (N.D. Ohio Mar. 25, 2011); *see also Floor Craft Floor Covering v. Parma Cmty. Gen. Hosp. Ass'n*, 560 N.E.2d 206, 211 (Ohio 1990) (finding that the economic loss rule is necessary because "tort law is not designed . . . to compensate parties for losses suffered as a result of a breach of duties assumed only by agreement. That type of compensation . . . remains the particular province of the law of contracts.").

Although Plaintiffs' third cause of action for conversion initially arises from the same breach of a contractual duty alleged in the first cause of action, the Amended Complaint goes further. Specifically, although Plaintiffs allege that a partial refund was given for "numerous improperly billed invoices that occurred in the calendar year 2021," Doc. # 4, PageID#28, they further allege that Defendant "acknowledged and conceded in writing" that Plaintiffs were overbilled yet failed to correct the billing errors from October 23, 2019, to December 31, 2020. Based on these allegations of intentional actions, with damages of approximately $84,524.94, *Id.*, PageID#29, the conversion cause of action is different from the contractual breach of duty asserted in the First Cause of Action. Based upon the legal standard used by the Courts in analyzing a Rule 12(b)(6) motion, the Motion to Dismiss Plaintiff's Third Cause of Action for conversion is overruled.

### 2. Preemption of Plaintiff's conversion claim under the Airline Deregulation Act

FedEx also argues that the conversion cause of action is preempted under the ADA. As stated above, a cause of action is preempted by the ADA if it alleges

15

breach of a state-imposed obligation, *Nw., Inc. v. Ginsberg*, 572 U.S. 273, 282–84 (2014), but the claim is not preempted if it alleges breach of a self-imposed obligation. *Am. Airlines, Inc. v. Wolens*, 513 U.S. 219, 220 (1995). Because the purposes of a specific claim can vary by state, *Ginsberg*, 572 U.S. at 285, the Court must determine whether Plaintiffs' conversion claim under Ohio law alleges breach of a state-imposed or a self-imposed obligation.

Ohio courts define conversion as the "wrongful exercise of dominion over property to the exclusion of the property owner or withholding property from the owner's possession under a claim inconsistent with the owner's rights." *Raze Internatl., Inc. v. Se. Equip. Co.*, 69 N.E.3d 1274, 1287 (2016) (citing *Joyce v. Gen. Motors Corp.*, 551 N.E.2d 172 (1990)). The elements of a conversion action are: (1) the plaintiff had ownership or right of possession of the property at the time of conversion; (2) the defendant converted plaintiff's property by a wrongful act or disposition; and (3) resulting damages. *Dice v. White Family Cos., Inc.*, 878 N.E.2d 1105, 1109 (Ohio App. 2007).

Like unjust enrichment, the Sixth Circuit has not ruled on the application of ADA preemption to a conversion claim under Ohio law.[4] However, in *Litchfield v. United Parcel Serv., Inc.*, 136 F. Supp. 2d 756 (S.D. Ohio 2020) (Sargus, J.), the

---

[4] Plaintiffs contend that this issue was previously addressed by the Court in *Litchfield v. United Parcel Serv., Inc.*, 136 F. Supp. 2d 756 (S.D. Ohio 2000). However, the issue in *Litchfield* was whether the doctrine of complete preemption created federal question jurisdiction, which is an entirely different issue than the one before this Court. *Id.* at 762 ("[T]he Court concludes that the complete preemption exception to the well pleaded complaint rule does not operate to convert Plaintiff's claim as arising under federal law.").

District Court analyzed a conversion claim filed in Ohio state court and removed by the defendant. The claim alleged that the defendant had opened packages addressed to her, removed checks and deposited them. Although the Court held that removal was not supported by the complete preemption exception to the well pleaded complaint rule and remanded the case to state court, it also analyzed several District Court cases in the Sixth Circuit which held that certain state law claims were not preempted by the ADA. *Id.* at 759-760; *Edwards v. Southwest Airlines Co.*, 2:19-cv-03493, 2020 WL 433343 at *3 (S.D. Ohio Jan.28, 2020). These cases included negligence claims, fraud and misrepresentation claims and employment disputes. *Id.*, *3, n. 3. In analyzing the conversion claim, the District Court in *Litchfield* stated that "the Sixth Circuit has found that Congress did not intend the ADA to completely preempt state claims," *id.*, at 761 (citations omitted), and that "only those state law claims 'related to' prices, routes, or services in a manner that does not run counter to the purpose of the ADA are preempted." *Wellons v. Northwest Airlines*, 165 F.3d 493,496 (6th Cir.1999) (ADA does not preempt state law claims of discrimination, intentional infliction of emotional distress, fraud and misrepresentation since they do not affect air safety or market efficiency).

As alleged by Plaintiffs, the Third Cause of Action is related to FedEx's intentional failure to refund incorrect billing rates from October 23, 2019, to December 31, 2020. Thus, Plaintiffs' allegations in the third cause of action allege a "self-imposed" obligation by the parties as opposed to one that was state-

17

imposed. For the reasons set forth above, the Court finds that the Third Cause of Action is not preempted by the ADA.

## IV. Conclusion

For the reasons set forth above, Defendant's Motion to Dismiss the Amended Complaint, Doc. #5, is SUSTAINED in part and OVERRULED in part.

Defendant's Motion to Dismiss Plaintiffs' Amended Complaint, Doc. #5, as to the First Cause of Action for breach of contract is OVERRULED. Defendant's Motion to Dismiss Plaintiffs' Amended Complaint, Doc. #5, as to the Third Cause of Action for conversion is OVERRULED. Defendant's Motion to Dismiss Plaintiffs' Amended Complaint, Doc. #5, is SUSTAINED as to Plaintiffs' Second Cause of Action for failure to plead unjust enrichment.

Dismissal of the Second Cause of Action in the Amended Complaint, Doc. #4, for failure to plead unjust enrichment is without prejudice to Plaintiffs' filing, within 14 days of this Decision and Entry, a Second Amended Complaint subject to the strictures of Fed. R. Civ. P. 11.

Date: March 22, 2023

_____
WALTER H. RICE
UNITED STATES DISTRICT JUDGE